1

Honorable Ronald B. Leighton

2

3

4

5

6

7

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON, AT TACOMA

8   PHILLIP L. McDANIEL, a married man,   )   NO.  3:10-cv-05120-RBL
                                          )
9                Plaintiff,               )
                                          )
10        v.                              )   PLAINTIFF'S SURREPLY RE:
                                          )   DEFENDANTS' MOTION
11   LEWIS COUNTY FIRE PROTECTION         )   FOR SUMMARY JUDGMENT
12   DISTRICT NO. 8, a political subdivision )
     and municipal corporation of the State of )
13   Washington, et al.,                  )
                                          )
14                Defendants.             )
15 _____   )

16        In accordance with CR 7(g) plaintiff Phillip L. McDaniel files this surreply

17   requesting that the court strike Exhibit C to the Supplemental Declaration of Matthew

18   J. Macario, the Supplemental Declaration of Anne Piper, including Exhibit A attached

19   thereto, and the Declaration of Sharon DeBuhr, including Exhibit A attached thereto.

20   McDaniel also requests that he be permitted to depose the defendants and their attorney,

21   Brian Snure, regarding the exhibits attached to these declarations. These requests are based

22

23   on the fact that the documents were never produced either in response to the timely request

24   for production served on the defendants on January 29, 2010 or the public records requests

25   dated January 25 and 28, 2011. The Request for Production reads in its entirety:

26

27   PLAINTIFF'S SURREPLY RE: DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT - 1
     [Case No. 3:10-cv-05120-RBL]

THE ROSEN LAW FIRM
Suite 1200 Hoge Building 705 Second Avenue
Seattle, WA 98104-1798
(206) 652-1464

**REQUEST FOR PRODUCTION NO. 12: Produce the minutes of each and every regular and/or special meeting of defendant Board of Commissioners since January 1, 2005 through the present.**

**RESPONSE: All responsive, non-privileged documents are produced herewith.**[1]

None of the documents McDaniel seeks to have stricken were produced by defendants until March 4, 2011.  See Supplemental Macario declaration, Exhibit C, Snure letter.  Defendants specifically refer to and rely upon these previously unproduced documents at page 7 of their reply brief filed the evening of March 4, 2011.

Plaintiff has been severely prejudiced by defendants' failure to produce these documents in a timely manner, preventing him from conducting any discovery regarding their authenticity or accuracy.  Moreover, the eleventh hour production and the claim that "additional responsive documents" have been located raises further issues of the credibility of defendants Piper and DeBuhr regarding whether a "special meeting" even took place, let alone whether contemporaneous minutes or "notes" were taken.  This is especially true given the acknowledgment by defendants Piper and DeBuhr that Exhibit Q to Mr. Macario's original declaration (which exhibit erroneously states the date of the executive session which was actually held on September 10, 2008) was prepared some time in late October or early November, 2008.  See Plaintiff's Response to Defendants' Motion for Summary Judgment, pp. 19-20 and the citations to the record therein.

In addition to striking the materials, McDaniel also requests that he be allowed to

---

[1] A true and correct copy of page 19 of Plaintiff's First Interrogatories and Requests for Production with Answers and Objections and the signature and certificate page thereof are Attachment A to the Supplemental Declaration of Jon Howard Rosen.  The public records requests made pursuant to RCW Chapt. 42.56 are Attachment B thereto.

PLAINTIFF'S SURREPLY RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2
[Case No. 3:10-cv-05120-RBL]

THE ROSEN LAW FIRM
Suite 1200 Hoge Building 705 Second Avenue
Seattle, WA 98104-1798
(206) 652-1464

1    depose the three commissioners and Brian Snure, one of the district's attorneys, solely on

2    the issue raised by the late produced notices and minutes.  Questions abound as to why

3    district secretary Mike Tamble was not at the special meeting to record minutes, why the

4    minutes seem to have a later added afterthought ("Phil declined to attend."), and why it

5    took twenty minutes to adjourn the meeting after it was reconvened allegedly solely for the

6    purpose of moving on the issue of plaintiff's job status,[2] not to mention why the documents

7    were not produced sooner, why the minutes are handwritten, etc

8         These belatedly produced documents create material factual issues with regard to

9    defendants' credibility and whether McDaniel was actually ever validly terminated.[3]

10        For all the reasons stated above, plaintiff Phillip L. McDaniel respectfully requests

11   that the court grant the relief sought.  It is further requested that the court order that

12   McDaniel be allowed to depose defendant commissioners and Brian Snure for no more

13   than one hour each in Seattle, Washington no later than March 29, 2011.

_____

[2] Defendant DeBuhr's notes indicate that the meeting "reconvened at 1:25 p.m."  The motion was made and seconded that the Chief be terminated in accordance with the deliberation in executive session which motion was passed unanimously and that the "meeting adjourned at 1:45 p.m."

[3] It is doubtful that *Slaughter v. Snohomish County Fire Protection District No. 20*, 50 Wn. App. 733, 750 P.2d 656, *rev. denied*, 110 Wn.2d 1031 (1988) is still good law.  See *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1087-1091 (9th Cir., 2003) citing *Miller v. City of Tacoma*, 138 Wn.2d 318, 329-331, 979 P.2d 429 (1999).  Indeed, *Slaughter* is distinguishable on many grounds, including the fact that there is no employment agreement referenced in *Slaughter* that was entered into after a formal motion at a regular of board of commissioners on September 20, 2007.  Macario Declaration, Exhibit J. Defendants cite no authority for its contention that McDaniel cannot argue the nullity of the decision to terminate him simply because he did not bring a separate Open Public Meetings Act claim.  "Null and void" is simply what it means.

PLAINTIFF'S SURREPLY RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3
[Case No. 3:10-cv-05120-RBL]

THE ROSEN LAW FIRM
Suite 1200 Hoge Building 705 Second Avenue
Seattle, WA 98104-1798
(206) 652-1464

1   Respectfully submitted this 11th day of March, 2011.

2                                                  THE ROSEN LAW FIRM

3

4                                    By:   /s/ Jon Howard Rosen
                                           Jon Howard Rosen, WSBA# 7543
5                                          Attorney for Plaintiff Phillip McDaniel

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S SURREPLY RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4
[Case No. 3:10-cv-05120-RBL]

THE ROSEN LAW FIRM
Suite 1200 Hoge Building 705 Second Avenue
Seattle, WA 98104-1798
(206) 652-1464