UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILLIP L. McDANIEL,

    Plaintiff,

    v.

LEWIS COUNTY FIRE PROTECTION
DISTRICT NO. 8, *et al.*,

    Defendants.

Case No. C10-5120RBL

ORDER DISMISSING TWO CLAIMS
AND REMANDING CASE

    This matter comes before the Court on defendants' motion for summary judgment. In response to that motion, plaintiff, a former public employee, noted that he does not oppose the dismissal of his public policy and federal civil rights claims. Plaintiff's Response at p. 31 n.18. Therefore, the Court GRANTS IN PART the motion for summary judgment (Dkt. #35) and dismisses plaintiff's claims for wrongful discharge in violation of public policy and for violation of his federal civil rights.

    Now that the federal questions have been eliminated from this case and because the parties are not diverse, the Court must determine whether to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Both parties request that the Court exercise supplemental jurisdiction.

ORDER DISMISSING TWO CLAIMS
AND REMANDING CASE - 1

"A federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)." Acri v. Varian Assocs., 114 F.3d 999, 1000 (9th Cir. 2000) (en banc). If the federal claims are dismissed before trial, the state law claims "should" be dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (19666). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Courts also consider the values "of economy, convenience, fairness, and comity." Acri, 114 F.3d at 1001.

The statute provides:

>   (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In this case, the Court has dismissed all claims over which it had original jurisdiction. Plaintiff's remaining claims for defamation and breach of contract involve purely state law issues. The case also involves interpretation of the Open Public Meetings Act, a state law about which the state court may have more expertise. The parties urge the Court to retain jurisdiction, but they have not identified a compelling reason for doing so. Although plaintiff notes that the trial date is quickly approaching, the state court can alter the trial date *sua sponte* or at the parties' request. Furthermore, despite the advanced stage of the litigation, this Court has not issued any substantive rulings in this case, so it has not acquired any particular expertise in the matter.

Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims and remands this case to Lewis County Superior Court. The Court

ORDER DISMISSING TWO CLAIMS
AND REMANDING CASE - 2

1 directs the Clerk of the Court to remand this matter to Lewis County Superior Court.

2

3     DATED this 28th day of April, 2011.

4

5

                                        Robert S. Lasnik
6                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ORDER DISMISSING TWO CLAIMS
AND REMANDING CASE - 3